


# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| DONNA HOLLINAN, | ) |
| Plaintiff | ) ) **Case No.:** 2:18cv153 |
| v. | ) ) **COMPLAINT AND DEMAND FOR** |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | ) **JURY TRIAL** ) ) |
| Defendant | ) |

## COMPLAINT

DONNA HOLLINAN ("Plaintiff"), by and through her attorneys, The Gillispie Law Firm, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Virginia, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Suffolk, Virginia.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around the summer of 2015 and continuing through the summer of 2016, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing

system and/or automatic and/or pre-recorded messages as she would be regularly greeted with a discernible delay or pause prior to speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Although Plaintiff had an account with Defendant, she revoked consent for Defendant to call his cellular telephone in the summer of 2015.

17. Specifically, Plaintiff told Defendant to stop calling her, thereby revoking any consent previously given to Defendant to place calls to his cellular telephone number.

18. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

19. Defendant heard and acknowledged Plaintiff's revocation of consent, as well as, her demand to stop calling her cellular telephone number.

20. Nevertheless, Defendant persisted in calling Plaintiff on her cellular telephone multiple times per day thereafter.

21. Plaintiff found Defendant's calls to be invasive, harassing, frustrating, aggravating, and upsetting.

22. In addition to the incessant calls from Defendant, Plaintiff also

received automated voice messages.

23. Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. After Defendant was told to stop calling it knew or should have known that any consent to call it thought it had was revoked.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DONNA HOLLINAN, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.   Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DONNA HOLLINAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: March 21, 2018

By: */s/ Robert R. Gillispie*
Robert R. Gillispie, Esq.
The Gillispie Law Firm, P.C.
P.O. Box 6025
Leesburg, VA 20178
Phone: (571) 252-7840
Fax: (571) 252-7843
Email: robert@gillispielaw.com